IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JUAN ZAYAS-NUÑEZ,**

**Plaintiff,**

**v.**                                               CIVIL NO. 14-1464 (GAG)

**SELECTOS CAMPO RICO, INC. et al.,**

**Defendants.**

## OPINION AND ORDER

Plaintiff Juan Zayas Nuñez ("Plaintiff") filed this action alleging sexual harassment, discrimination on the basis of sex, and retaliation pursuant to federal and local statutes. Defendants move for judgment on the pleadings (Docket No. 22), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. After a comprehensive review of the parties' submissions and the applicable law, the court **DENIES in part and GRANTS in part** Defendants' motion at Docket No. 22.

**I.     Standard of Review**

Defendants have moved to dismiss this case under Fed. R. Civ. P. 12(c). This rule states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Judgment on the pleadings under Rule 12(c) may not be entered unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of her claim that would entitle her to relief. Feliciano v. State of R.I., 160 F.3d 780, 788 (1st Cir. 1998). The court decides a Rule 12(c) motion under the same standard it applies to Rule 12(b)(6) motions to dismiss. Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007). Accordingly, to survive a Rule 12(c) motion, the plaintiff must plead enough facts to "raise a right

**Civil No. 14-1464 (GAG)**

to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

In evaluating the complaint, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678-79. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). If, however, the "factual content, so taken, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

**II.   Discussion**

Defendants argue that Plaintiff failed to state sufficient factual allegations, accepted as true, to support his claims, for which reason the case should be dismissed. (Docket No. 22 at 2.) First, Defendants argue that Plaintiff fails to allege sufficient facts to satisfy a *prima facie* case of sexual harassment because Plaintiff only offers mere conclusions, does not describe the frequency of the discriminatory conduct, and refers only to two isolated events, which even if taken as true and interpreted in the light most favorable to Plaintiff, do not amount to harassment under the applicable law. Id. at 3-4. Second, Defendants posit that Plaintiff failed to allege sufficient and concrete facts to satisfy a *prima facie* case of retaliation because none of Plaintiff's allegations,

other than Plaintiff's dismissal, constitute adverse employment actions. (Docket No. 22 at 6.) Third, Defendants argue that Plaintiff's claims under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141, ("Article 1802") must be dismissed because they are preempted by specific local employment statutes. (Docket No. 22 at 7.) Lastly, Defendants argue that Plaintiff's claims based on supplementary jurisdiction must inevitably be dismissed as well, because Plaintiff failed to sufficiently plead that he is entitled to relief under the federal statues invoked. Id. at 8.

Plaintiff opposes said contentions and posits that the allegations included in the complaint state viable Title VII, sex discrimination, sexual harassment, retaliation, and related state law causes of action; therefore, a facial challenge to the complaint does not follow. (Docket No. 24 at 3.)

1. Sexual Harassment

Defendants argue that Plaintiff only sets forth three allegations of sexual harassment contained in paragraphs 10, 11, and 12 of the complaint, and that Plaintiff only refers to two isolated sexually improper incidents, and that this is insufficient to support his Title VII claim of a hostile work environment. (Docket No. 22 at 4.) In light of this, Defendants contend that the plaintiff's Law No. 17 of April 22, 1988, as amended, P.R. Laws Ann. tit. 29, § 155, et seq. ("Law 17"), Law No. 69 of July 6, 1985, as amended, P.R. Laws Ann. tit. 29, § 1321, et seq., (1985) ("Law 69"), and Law No. 100 of June 30, 1959, as amended, P.R. Laws Ann. tit. 29, § 146, et seq., (1959) ("Law 100") claims should be dismissed as well. Id. at 5. Plaintiff, on the other hand, argues that the complaint indeed alleges sufficient facts to establish a *prima facie* case of hostile work environment that entitles him to relief. (Docket No. 24 at 6.) Plaintiff avers that he was subject to unwelcome sexual harassment by his supervisor, Joy Carrasco ("Carrasco") and

3

that the sexual harassment included sexually oriented comments, bodily contact (brushed his back with his penis), and sexually oriented invitations, among others. (Docket No. 22 at 6.) Plaintiff specifically points to one particularly egregious instance which occurred while he sitting and working on the aisles when Carrasco allegedly approached him from behind, called to Plaintiff's attention to turn around, and when Plaintiff turned Carrasco was holding his penis in his hand, at the height of the plaintiff's face. Id. at 7.

Title VII prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1); O'Rourke v. City of Providence, 235 F.3d 713, 728 (1st Cir. 2001). The federal courts have long recognized that sexual harassment is "a form of gender discrimination prohibited by Title VII." Provencher v. CVS Pharmacy, 145 F. 3d 5, at 13 (1st Cir. 1998). To prevail on a hostile work environment sexual harassment claim, a plaintiff must establish in essence: (1) membership in a protected class, (2) unwelcome sexual harassment, (3) which was based on sex, (4) was sufficiently severe or pervasive, (5) was objectively and subjectively offensive, and finally (6) that some basis for employer liability has been established. Gerald v. Univ. of Puerto Rico, 707 F.3d 7, 17 (1st Cir. 2013); Forrest v. Brinker Int'l Payroll Co., 511 F.3d 225, 228 (1st Cir. 2007).

"Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment . . . ." 29 C.F.R. § 1604.11 (2010). "One type of sexual harassment . . . involves 'bothersome attentions or sexual remarks' so 'severe or pervasive' that they create a 'hostile work environment.'" Medina-Rivera v. MVM, Inc., 713 F.3d 132, 136-37 (1st Cir. 2013) (internal citations omitted). Evidence of sexual remarks, innuendoes, ridicule, and intimidation may be sufficient to support a jury verdict for a hostile work

environment. O'Rourke, 235 F.3d at 729; cf. Hernández–Loring v. Universidad Metropolitana, 233 F.3d 49, 54-56 (1st Cir. 2000) (evidence of two specific incidents of harassment in the context of an ongoing pattern of conduct were sufficient to survive summary judgment in hostile work environment claim).

The court must determine whether the harassing treatment meets the "severe or pervasive" standard. "[A]lthough there is no mathematically precise test," the Court of Appeals for the First Circuit has held that a court must consider several relevant factors to determine whether an environment is hostile or abusive, which may include "the severity of the conduct, its frequency, whether it is physically threatening or [humiliating], [whether it was just a mere utterance], and whether it interfered with the victim's work performance." Gerald, 707 F.3d at 18; Martínez v. Puerto Rico, 594 F. Supp. 2d 181, 186 (D.P.R. 2009).

Although Defendants allege that Plaintiff refers only to two isolated instances of alleged sexual harassment, a "single act of harassment may, if egregious enough, suffice to evince a hostile work environment." Gerald, 707 F.3d at 18; Noviello, 398 F.3d at 84 (citing Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998)). The incidents where Carrasco purportedly held his penis in front of Plaintiff's face and brushed Plaintiff's back with his penis clearly qualify as egregious. Gerald, 707 F.3d at 18. On top of this, Plaintiff has further alleged other unwelcome sexually harassing conduct, such as sexually harassing comments, bodily contact and sexual invitations. See id. Plaintiff's allegations, if found to be true, depict a highly uncomfortable and sexually charged work situation, which could reasonably be construed as severely abusive, both subjectively and objectively. Thus, at this juncture, Plaintiff's claims based on allegations of a hostile work environment cannot be dismissed. Accordingly, Defendants' motion for judgment on the pleadings as to Plaintiff's hostile work environment claims under Title VII is **DENIED.**

2. Retaliation

Defendants contend that the plaintiff failed to plead sufficient facts to establish a *prima facie* claim of retaliation under Title VII. (Docket No. 22 at 5.) To support its contention, Defendants aver that besides mere conclusions, there is no factual basis to show that Plaintiff suffered an adverse employment action; therefore, dismissal of his retaliation claim is warranted. (Docket No. 22 at 5.) Nevertheless, the defendants admit that Plaintiff may have suffered one concrete adverse employment action: his dismissal. Id.

Conversely, Plaintiff avers that it engaged in protected activity under Title VII, to wit, that he filed a sexual harassment complaint with the company and an administrative charge with the Equal Employment Opportunity Commission ("EEOC"). (Docket No. 24 at 14.) Shortly thereafter, Plaintiff alleges that he was subjected to retaliatory adverse employment actions which he details in the complaint. As such, Plaintiff claims that he sufficiently pleaded a plausible claim for retaliation because he engaged in protected activity and, in turn, suffered adverse employment actions, which included his termination of employment. Id. at 17.

A *prima facie* case of retaliation under Title VII requires a plaintiff to show that: "(1) he engaged in protected activity; (2) he suffered some materially adverse action; and (3) the adverse action was causally linked to her protected activity." Dixon v. Int'l Bhd. of Police Officers, 504 F.3d 73, 81 (1st Cir. 2007). Plaintiff's retaliation claim is predicated upon his filing of various hostile work environment in the form of sexual harassment complaints, which were allegedly ignored by his supervisors who subjected him to retaliatory adverse employment actions, namely, that he was mistreated and yelled at, treated differently from other employees, striped from his responsibilities, his work schedule was reduced, was given an unjustified disciplinary warning, was insulted, was demoted from a full-time to a part-time position, and was ultimately discharged.

(Docket No. 24 at 17.)  At this time, the pleading stage, the court is satisfied that the facts alleged by Plaintiff make out a Title VII retaliation claim because, if proven to be true, Plaintiff was singled out and mistreated as a result of filing his sexual harassment complaints against Carrasco.  Consequently, Defendants' motion for judgment on the pleadings as to Plaintiff's retaliation claim under Title VII is **DENIED.**

        3.   <u>Damages under Article 1802</u>

"[T]o the extent that a specific labor law covers the conduct for which a plaintiff seeks damages; he is barred from using that same conduct to also bring a claim under Article 1802." <u>Reyes–Ortíz v. McConnell Valdés</u>, 714 F. Supp. 2d 234, 239 (D.P.R. 2010) <u>amended sub nom Ortíz v. Valdés</u>, 714 F. Supp. 2d 230 (D.P.R. 2010).  Here, Plaintiff alleges damages resulting from Defendants' alleged sexual harassment, discrimination, and retaliatory conduct.  This illegal conduct is covered by specific Puerto Rico labor and employment law; therefore, he is barred from alleging the same illegal conduct to also bring a claim under Article 1802.  See <u>McConnell Valdés</u>, 714 F. Supp. 2d at 239 (noting the Supreme Court of Puerto Rico held that "[a]s a general rule, in the face of conduct by an employer that has been typified and penalized by special labor legislation, the employee only has recourse to the relief of said Act, and is barred from seeking additional compensation under Article 1802 . . . .").  Plaintiff may only bring an additional Article 1802 claim if it is based on tortious or negligent conduct that is distinct from the conduct covered by the specific labor law.  See <u>id.</u>  The legal framework under Article 1802 "is that the provisions of the Civil Code are supplementary to special legislation."  <u>Rivera–Meléndez v. Pfizer Pharm. Inc.</u>, 747 F. Supp. 2d 336, 339 (D.P.R. 2010); see <u>Barreto v. ITT World Directories, Inc</u>., 62 F. Supp. 2d 387, 393 (D.P.R. 1999) (citing <u>Rosario v. Atlantic Southern Ins. Co.</u>, 95 P.R. Offic. Trans. 742, 747 (1968).

**Civil No. 14-1464 (GAG)**

A review of Plaintiff's allegations reveals that his Article 1802 claim is based on the same conduct and same set of facts that support his sexual harassment, discrimination, and retaliation claims. He alleges no independent tortious conduct. Hence, Plaintiff's tort claim is superseded by Puerto Rico special employment statutes. Plaintiff concedes as much and contends that his Article 1802 claim shall be dismissed because it is precluded by his Law 17, Law 69, and Law 100 claims. (Docket No. 24 at 17-18.) Therefore, Defendants' motion for judgment on the pleadings as to Plaintiff's Article 1802 claim is **GRANTED** and thus, his tort claims are hereby **DISMISSED with prejudice**.

    4.  Supplemental Jurisdiction Claims

    **a.  Hostile Work Environment**

Defendants posit that since Plaintiff failed to state a Title VII claim of sexual harassment, his Law 17, Law 69, and Law 100 claims should be dismissed as well because they are practically the same. (Docket No. 22 at 5.) Having found, at this time, that Plaintiff sufficiently alleged a hostile work environment claim under Title VII, and cognizant of the fact that the same exacting standard applied to Title VII claims is employed in Puerto Rico courts to claims under Law 17, Law 69, and Law 100 to establish the existence of a hostile work environment, the court concludes that Plaintiff's aforementioned local law claims also withstand dismissal at this time. See Figueroa García v. Lilly Del Caribe, Inc., 490 F. Supp. 2d 193, 212 (D.P.R. 2007) (noting Law 17, 69, and 100 serve virtually identical purposes and outlaw virtually identical behaviors and each proscribes sexual harassment in the form of a hostile work environment and because the plaintiff's Title VII hostile work environment claim survived summary disposition, his hostile work environment claims under Law 17, 69, and 100 also withstand *brevis* disposition). As such, Defendants' motion

for judgment on the pleadings as to Plaintiff's hostile work environment claims under Law 17, 69, and 100 is **DENIED**.

### b. Retaliation

To make out a *prima facie* case under Law No. 115 of December 20, 1991, 29 P.R. Laws Ann. tit. 29, § 194a, et seq. ("Law 115"), a plaintiff must "establish, by direct or circumstantial evidence . . . that he or she (1) participated in an activity protected by [Law 115] and (2) was subsequently discharged or otherwise discriminated against."  Collazo v. Bristol–Myers Squibb Mfg., Inc., 617 F.3d 39, 45 (1st Cir. 2010) (citations and internal quotation marks omitted); Ríos v. Municipality of Guaynabo, 938 F. Supp. 2d 235, 259 (D.P.R. 2013).  As discussed, because Plaintiff alleged sufficient facts in support of his Title VII retaliation claim, which would entitle him the right to relief, his Law 115 also withstands the same fate.  See Godoy v. Maplehurst Bakeries, Inc., 747 F. Supp. 2d 298, 318 (D.P.R. 2010) ("Given that Law 115 requires the same adverse employment action showing as a Title VII retaliation claim, courts have treated the two claims the same." (citing Rivera Rodríguez v. Sears Roebuck de Puerto Rico, Inc., 367 F. Supp. 2d 216, 230 (D.P.R.2005)).  Accordingly, Defendants' motion for judgment on the pleadings as to Plaintiff's retaliation claim under Law 115 is **DENIED**.

## III. Conclusion

For the reasons set forth above, Defendants' motion for judgment on the pleadings at Docket No. 22 is hereby **DENIED in part** and **GRANTED in part**.  Plaintiff's claims for hostile work environment and retaliation under both federal and state laws survives the defendants' motion.  Therefore, the motion for judgment on the pleadings is **DENIED** as to said claims.  However, the motion for judgment on the pleadings is **GRANTED** as to Plaintiff's Article 1802 claims, which are hereby **DISMISSED with prejudice**.

9

**Civil No. 14-1464 (GAG)**

SO ORDERED.

In San Juan, Puerto Rico this 10th day of November, 2014.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI

United States District Judge